

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 31, 2005

James J. Coviello, Esq.
303 Main Street
Charlestown, MA 02129

Re: United States v. Adam Ellard
    Criminal No. 04-10167-RCL

Dear Mr. Coviello:

This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Adam Ellard ("Defendant"), in the
above-captioned case. The Agreement is as follows:

### 1.   Change of Plea

At the earliest practicable date but in no event later than
April 4, 2005, Defendant shall plead guilty to all counts in
which he is named in the above-captioned Indictment:04-Cr-10167-
RCL. Defendant expressly and unequivocally admits that he in
fact knowingly, intentionally and willfully committed the crimes
charged in counts one and two of the Indictment, and is in fact
guilty of those offenses.

### 2.   Penalties

Defendant faces a maximum statutory sentence of 10 years
imprisonment, a $500,000 fine, a period of supervised release for
4 years to life, and a special assessment of $200. The
government has previously filed a notice of Defendant's prior
felony drug conviction pursuant to 21 U.S.C. § 851.

### 3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the

discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

The parties agree to take the position that Defendant is a "career offender" pursuant to U.S.S.G. § 4B1.1(a), that Defendant's Base Offense level (BOL) is 24 and that his Criminal History Category (CHC) is VI.

In the event Defendant contends that there is a basis for departure from the otherwise applicable U.S. Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney his and his agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

Defendant will notify the U.S. Attorney in writing of any intention to seek a departure from the otherwise applicable U.S. Sentencing Guideline range not later than twenty-one days prior to the scheduled date of any plea. Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

2

The U.S. Attorney reserves the right to oppose Defendant's departure argument(s).

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters the Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

      (a)  Fails to admit a complete factual basis for the plea;

      (b)  Fails to truthfully admit his conduct in the offenses of conviction;

      (c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

      (d)  Fails to provide truthful information about his financial status;

      (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

      (f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

      (g)  Intentionally fails to appear in Court or violates

any condition of release;

(h)   Commits a crime;

(i)   Transfers any asset protected under any provision of this Agreement; and/or

(j)   Attempts to withdraw his guilty plea.

 Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if the Defendant obstructs justice after date of this Agreement.

4.   Sentence Recommendation

In the event that the U.S. Attorney does not file a motion pursuant to U.S.S.G. § 5K1.1, the U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)   A term of incarceration within the applicable Guideline Sentencing Range;

(b)   A fine within the applicable fine range unless the court finds that Adam Ellard is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(C)   A mandatory special assessment of $200; and

(D)   A term of supervised release of 4 years.

The U.S. Attorney agrees to recommend that Defendant's sentence in this case run concurrently with any sentence imposed in Criminal No. 04-10168-PBS.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at

4

least twenty-one days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

### 5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless the Defendant establishes to the satisfaction of the Court that the Defendant is financially unable to do so.

### 6.   Cooperation

#### a.   Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel.  If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial.   Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity.  Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify.   This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete.  Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court

and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

### b.    Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1 so that the sentencing court may impose a sentence below that which otherwise would be required under the relevant statutes.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 6(a) above, or engages in any criminal conduct after the date he signs this Agreement. The Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

### c.    Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 6(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

### d.    Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by the Defendant pursuant to this Agreement or pursuant to the proffer letter dated April 26, 2004 (or any information directly or indirectly derived therefrom) against Defendant in any criminal

6

case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence.   The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case.   All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto.   Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute the Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

### 7.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge.   Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).   Defendant may not withdraw his plea of guilty regardless of what sentence is imposed.   Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties.   In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7

8. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which the Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated April 26, 2004 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the

8

Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated April 26, 2004. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated April 26, 2004. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney David G. Tobin.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _James B. Farmer_
JAMES B. FARMER
Section Chief

DAVID G. TOBIN
Assistant U.S. Attorney

9

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

ADAM ELLARD

Date: 04-04-05

I certify that Adam Ellard has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

JAMES J. COVIELLO, Esq.
Attorney for Adam Ellard

Date: 4/4/05

10



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

December 6, 2004

James J. Coviello, Esq.
281 Beach Street
Revere, MA 02151

FILED
In Open Court
USDC, Mass.
Date _12-23-04_
By _____
Deputy Clerk

Re: <u>United States v. Adam Ellard</u>
    Criminal No. 04-CR-10168-PBS

Dear Mr. Coviello:

     This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Adam Ellard ("Ellard"), in the above-
captioned case.  The Agreement is as follows:

     1.    <u>Change of Plea</u>

     At the earliest practicable date but not later than December
30, 2004, Ellard shall plead guilty to all counts in which he is
named in the above-captioned Superseding Indictment.  Ellard
expressly and unequivocally admits that he in fact knowingly,
intentionally and willfully committed the crimes charged in
counts one, two, and three of the above-captioned Superseding
Indictment, and is in fact guilty of those offenses.

     2.    <u>Penalties</u>

     Ellard faces a maximum statutory sentence of life
imprisonment, a $4,000,000 fine, a period of supervised release
for eight years to life, and a special assessment of $300.
Ellard also faces a mandatory minimum sentence of ten years
imprisonment.  The government has previously filed notice of
defendant's prior felony drug conviction pursuant to 21 U.S.C. §
851.

     If the Ellard is not a citizen of the United States, he may

also be deportable and/or excludable by the United States
Immigration and Customs Enforcement as a consequence of his
conviction of the offenses to which he is pleading guilty.

3.   Sentencing Guidelines

The parties will take the following position at sentencing
under the United States Sentencing Guidelines:

Ellard is a "career offender" pursuant to U.S.S.G. §
4B1.1(a).  Ellard's Base Offense Level (BOL) is 37 and his
Criminal History Category (CHC) is VI.

The parties agree to take the position that Ellard should
not receive an enhancement or a reduction to his BOL based on his
role in the offense conduct.

Based on Ellard's prompt acceptance of personal
responsibility for the offenses of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by three
levels Ellard's BOL.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing Ellard:

    (a)  Fails to admit a complete factual basis for the
plea;

    (b)  Fails to truthfully admit his conduct in the
offenses of conviction;

    (c)  Falsely denies, or frivolously contests, relevant
conduct for which Ellard is accountable under
U.S.S.G. § 1B1.3;

    (d)  Fails to provide truthful information about his
financial status;

    (e)  Gives false or misleading testimony in any
proceeding relating to the criminal conduct
charged in this case and any relevant conduct for
which Ellard is accountable under U.S.S.G. §
1B1.3;

    (f)  Engages in acts which form a basis for finding
that Ellard has obstructed or impeded the

2

administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates any condition of release;

(h)  Commits a crime;

(i)  Transfers any asset protected under any provision of this Agreement; and/or

(j)  Attempts to withdraw his guilty plea.

Ellard expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Ellard expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Ellard obstructs justice after date of this Agreement.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)  A term of incarceration within the applicable Guideline Sentencing Range;

(b)  A fine within the applicable fine range unless the Court finds pursuant U.S.S.G. § 5E1.2(e) that Ellard is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)  A term of supervised release of 8 years;

(d)  A mandatory special assessment of $300.

The U.S. Attorney and Ellard agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Ellard will seek a departure on any ground from the Sentencing Guidelines. The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Ellard's prior state convictions be vacated

3

subsequent to the execution of this Agreement.

Ellard waives any claim he has under <u>Apprendi v. New Jersey</u>, <u>Blakely v. Washington</u>, under the Fifth or Sixth Amendment to the United States Constitution, and on any other basis (whether statutory, constitutional, or otherwise) to have the facts underlying any guideline determination made by a jury beyond a reasonable doubt.  Ellard understands and agrees after consultation with his attorney that the Court will make all sentencing determinations at sentencing by a preponderance of the evidence and acknowledges that his counsel has explained the difference in the standards of proof that could apply in this case.  Ellard states that he is making this waiver knowingly and intelligently and with the understanding that it will not be affected by any subsequent change in the applicable legal principles.

In the event of an appeal from, or collateral challenge to, Ellard's sentence, the U.S. Attorney reserves his right to argue the correctness of Ellard's sentence and the manner in which the District Court determines it.

5.    <u>Payment of Mandatory Special Assessment</u>

Ellard agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Ellard establishes to the satisfaction of the Court that Ellard is financially unable to do so.

6.    <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Ellard is aware that he has the right to challenge his sentence and guilty plea on direct appeal.  Ellard is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Ellard knowingly and voluntarily waives his right to appeal or collaterally challenge:

> (1)  Ellard's guilty plea and any other aspect of Ellard's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and

4

issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the parties with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines or application of minimum mandatory sentences; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Ellard with regard to the application of the U.S. Sentencing Guidelines or application of minimum mandatory sentences.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Ellard agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Ellard's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7. Cooperation

    a. Terms of Cooperation

Ellard agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Ellard must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and

5

other evidence in his possession, custody or control that are relevant to the government's inquiries.

Ellard understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Ellard hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Ellard or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Ellard waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Ellard's cooperation is complete. Ellard understands that the date of Ellard's sentencing is within the sole discretion of the Court and that this Agreement may require Ellard's cooperation to continue even after Ellard has been sentenced. Ellard's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Ellard.

b.    Substantial Assistance Motion

In the event that Ellard provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, and if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines and the relevant statutes. The determination whether Ellard has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Ellard violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 7(a) above, or engages in any criminal conduct after the date he signs this Agreement. The U.S. Attorney reserves the right, in his sole discretion, to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.C. § 3553(e). Ellard may not withdraw his plea if the U.S. Attorney determines that Ellard has not rendered substantial assistance, if the U.S. Attorney determines to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.S.G. § 3553(e), or if the Court refuses to grant

6

the U.S. Attorney's motion for a downward departure.

        c.    <u>Sentence Recommendation with Substantial</u>
            <u>Assistance</u>

     If Ellard provides substantial assistance, subject to all the provisions of paragraphs 7(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Ellard.

     The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Ellard's sentencing.

        d.    <u>Letter Immunity</u>

     In return for Ellard's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Ellard pursuant to this Agreement or pursuant to the proffer letter dated April 26, 2004 (or any information directly or indirectly derived therefrom) against Ellard in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence.  The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case.  All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto.  Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Ellard pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Ellard or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

     If the U.S. Attorney determines that Ellard has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Ellard for any and all offenses that could be charged against him in the District of

7

Massachusetts, including, but not limited to, false statements and perjury.

### 8.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Ellard faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge.  Ellard's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B).  Ellard may not withdraw his plea of guilty regardless of what sentence is imposed.  Nor may Ellard withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties.  In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 9.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Ellard may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

### 10.    Rejection of Plea By Court

Should Ellard's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Ellard, this Agreement shall be null and void at the option of the U.S. Attorney.

### 11.    Breach of Agreement

If the U.S. Attorney determines that Ellard has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Ellard, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this

8

Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Ellard recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Ellard understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Ellard before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated April 26, 2004 without any limitation. In this regard, Ellard hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

### 12.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

### 13.    Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated April 26, 2004.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated April 26, 2004.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Ellard, please have Ellard sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney David G. Tobin.

9

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

DAVID G. TOBIN
Michael J. Pelgro
Assistant U.S. Attorneys

10

ACKNOWLEDGMENT OF PLEA AGREEMENT

        I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts regarding this matter.  I further state
that no additional promises or representations have been made to
me by any official of the United States in connection with this
matter. I understand the crimes to which I have agreed to plead
guilty, the maximum penalties for those offenses and Sentencing
Guideline penalties potentially applicable to them.  I am
satisfied with the legal representation provided to me by my
attorney.  We have had sufficient time to meet and discuss my
case.  We have discussed the charges against me, possible
defenses I might have, the terms of this Plea Agreement and
whether I should go to trial.  I am entering into this Agreement
freely, voluntarily, and knowingly because I am guilty of the
offenses to which I am pleading guilty and I believe this
Agreement is in my best interest.

                                ADAM ELLARD
                                Ellard

                                Date: 10/22/04


        I certify that ADAM ELLARD has read this Agreement  and that
we have discussed its meaning.  I believe he understands the
Agreement and is entering into the Agreement freely, voluntarily
and knowingly.

                                JAMES X. COVIELLO, Esq.
                                Attorney for Ellard

                                Date: 10/23/04


11