UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.

TROY BREWER

CR. No. 04-10167-RCL

## MOTION IN LIMINE TO EXCLUDE TESTIMONY OF POLICE OFFICER CUTHBERT

The Government in its Trial Brief (pp. 11-12) has stated its intention to call Everett Police Officer Cuthbert at trial for the purpose of presenting testimony that the defendant, when arrested in May, 2004, struggled with this officer and resisted arrest, purportedly to demonstrate consciousness of guilt.

The real effect of such testimony would be to depict the defendant as a violent and lawless person and smear his character. The alleged drug sale took place on March 3, 2004, and the arrest and violent encounter with Officer Cuthbert took place over two months later, in May, 2004. There is no evidence that the defendant even knew what offense he was being arrested for, much less that he understood that he was being arrested for his alleged role in the March 3 drug transaction. Over two months had passed since the drug deal, with no effort on the part of Mr. Brewer to flee the area or conceal himself. At most, his behavior during the arrest shows that he strongly dislikes being arrested and that he lost his temper. Testimony about his misbehavior during the arrest would show absolutely nothing about any consciousness of guilt in relation to the events of March 3, and has utterly no relevance to his

role in the drug transaction on that date.

This is a classic example of evidence which is far more unfairly prejudicial to a defendant than it is probative. It would tend to depict Mr. Brewer as violent and disobedient to law enforcement, neither of which is at issue in the case, but which would depict his character as unsavory.

The standard instruction in this Circuit on consciousness of guilt, based on *United States v. Hyson,* 721 F.2d 856, 864 (1st Cir. 1983), does not even remotely contemplate resisting arrest as evidence of attempted flight/consciousness of guilt, and given the great time gap between the date of the drug deal and the date of arrest, would be problematic even if it did.

The defendant therefore moves this honorable Court to exclude the testimony of Officer Cuthbert relating to his arrest.

Respectfully submitted,

/s/ Roger A. Cox

*Roger A. Cox*

Roger A. Cox   BBO# 551514
Cox & Cox
30 Main Street
Ashland, MA 01721-1178
(508) 231-1460

Attorney for Troy Brewer

DATED: May 20, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Motion has been served by fax and first-class

mail upon AUSA David Tobin, One Courthouse Way, Boston, MA 02210, this 20th Day of May, 2005____*Roger A. Cox*____