UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

NO. 04-CR-10167-RCL

v.

TROY BREWER

## DEFENDANT'S SENTENCING MEMORANDUM

### I. THE GUIDELINES

The evidence at trial, introduced by the Government through the testimony of its agents and that of cooperating co-defendant Adam Ellard, was that defendant Troy Brewer ("Mr. Brewer"), while present at the vicodin sale at Northgate Shopping Center in Revere on March 3, 2004, took no active part in the transaction. Mr. Brewer remained in the Pizzeria Uno restaurant while Ellard went outside with the undercover agent to finalize negotiations for the deal. Mr. Brewer stayed at the Blockbuster Video store while codefendant Herlihy drove on two occasions to obtain the drugs. Mr. Brewer never participated in the negotiations leading up to the sale, never spoke at any time to further the transaction, and never touched the money or the drugs.

Mr. Ellard testified at trial that he and Herlihy had conducted fifteen or so prior vicodin transactions. Mr. Brewer was present at none of them.

Given these facts, the defendant suggests that a role adjustment would be appropriate pursuant to U.S.S.G. § 3B1.2 (a). His role in this drug deal was minimal, if not virtually invisible. Application Note 1 to § 3B1.2 states that the minimal role adjustment "is designed to cover defendants who are plainly among the least culpable of those involved in the conduct

of a group." In Application Note 2, the examples of a minimal participant given are a person who helped in offloading a single marijuana shipment, or a courier for a single smuggling transaction involving a small amount of drugs. Mr. Brewer, on the facts introduced at trial, was less culpable than either of the examples provided, in that he never touched or transported any drugs at any time. His role, under the Government's theory of the case, was an inchoate one, to provide some kind of backup if needed. Since no such backup was ever deemed necessary with the earlier fifteen vicodin sales, Herlihy and Ellard having conducted those without Mr. Brewer, the role of Mr. Brewer in this one sale was so minimal as to be arguably pointless.

If Mr. Brewer was truly intended to provide backup or additional protection for the other conspirators, this role, on the facts, was not taken very seriously by his co-conspirators. Mr. Herlihy, for example, was most vulnerable to being hijacked when he traveled by himself on two separate occasions to obtain the drugs. Had Mr. Brewer been expected to provide real protection for the conspiracy, he surely would have accompanied Mr. Herlihy on these trips.

It indeed would be hard to imagine facts more supportive of a minimal role adjustment under § 3B1.2 (a) than these.

The defendant does realize that this adjustment does not make a practical difference, as it applies to the underlying Guidelines calculation rather than the final level dictated by his Career Offender status, but role may be further considered by the Court in light of the argument developed in section II.

## II. *BOOKER* AND 18 U.S.C. §3553

On January 12, 2005, the United States Supreme Court held that the United States Sentencing Guidelines were henceforth be only advisory rather than mandatory in application,

*United States v. Booker*, 125 S.Ct. 738 (2005).

Following *Booker*, this Court is now unconstrained in its authority to impose a fair and just sentence, regardless of the strictures of the Guidelines, taking into account the principles enumerated in 18 U.S.C. § 3553.

Mr. Brewer's minimal role in the offense is a major factor to be considered by the Court in the new post-*Booker* sentencing realm. His level of participation in the offense was microscopic. For the reasons articulated in section I, this Court should consider a significant reduction in his sentence for minimal role.

Mr. Brewer has suffered for several years from a progressive and debilitating lung disease, Pulmonary Sarcoidosis, which causes him great difficulty in breathing after even light exertion. (PSR ¶99, 100). His treating physician has stated that this condition is chronic and progressive, requiring the administration of oxygen before and after mild physical activity. (PSR ¶ 100). The condition is fragile and progressively deteriorating, which will require careful medical management. (PSR ¶ 100). If his condition worsens, Mr. Brewer will have to keep an oxygen tank in his cell. (PSR ¶ 99).

While undoubtedly the Bureau of Prisons can provide appropriate treatment for this condition, it is quite obvious that incarceration will be more difficult for Mr. Brewer than for a non-infirm sentenced defendant. Mr. Brewer will thus suffer from confinement to a degree unshared by the ordinary inmate.

The defendant respectfully requests the Court to consider this serious physical ailment in its assessment of an appropriate and fair sentence for Mr. Brewer, in light of the fact that imprisonment of a person so impaired will be far more onerous than for an unafflicted

3

defendant.

## III. CONCLUSION AND RECOMMENDATION

The defendant requests and recommends a sentence of 24 months of incarceration.

This would be a fair and just sentence, reflecting Troy Brewer's very small role in the offense, and his significant health impairment. While less than the sentence earned by his co-defendants (who were far more culpable), it would serve to achieve punishment, deterrence and respect for the law, because a two-year loss of liberty, particularly while very ill, is far from negligible. It would enhance respect for the law, rather than diminish it, because it would demonstrate that in this instance, punishment would be modified with a wholly appropriate measure of mercy.

Respectfully submitted,

Roger A. Cox

Roger A. Cox BBO# 551514
Cox & Cox
30 Main Street
Ashland, MA 01721-1178
(508) 231-1460

Attorney for Troy Brewer

DATED: September 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that true copies of this Memorandum have been served upon AUSA David Tobin and USPO Tricia Marcy, both at One Courthouse Way, Boston, MA 02210, by prepaid first-class mail, this 7th Day of September 2005. Roger A. Cox

4